```
              UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                    WESTERN DIVISION
```

UNITED STATES OF AMERICA

VERSUS                          CRIMINAL ACTION NO. 5:03cr24(01)-DCB
                                                    5:03cr24(04)-DCB

REGINALD ODOM and                                         DEFENDANTS
MELVIN ANDERSON

## ORDER

This matter comes before the Court on Jessie Green's Petition to Adjudicate Validity of Third Party Interests [**docket entry no. 237**], Linda Walker's Petition to Contest Forfeiture of Seized Property [**docket entry no. 238**], defendant Reginald Odom's Petition for Hearing to Adjudicate His Third Party Claim to Property [**docket entry no. 241**], Motion to Amend Petition [**docket entry no. 249**], and Writ Request [**docket entry no. 242**], and the United States's Motion to Strike Petition of Reginald Odom [**docket entry no. 245**]. Having carefully considered these requests in light of applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On August 22, 2007, this Court entered an Order of Forfeiture & Nunc Pro Tunc Amendments [docket entry no. 235] wherein it held, inter alia, that three parcels of land in Claiborne County collectively known as "Club Rolex" were "forfeitable as the corpus of [defendant] Anderson's money laundering conviction[]" pursuant to 18 U.S.C. § 982.  (Order of Forfeiture 22.)  The Court also

found that "the government is not entitled to a forfeiture of Club Rolex under 21 U.S.C. § 853[]" as against defendant Reginald Odom because the requisite nexus between Odom's offense (conspiracy to possess with the intent to distribute a controlled substance) and Club Rolex had not been established by the United States by a preponderance of the evidence. (Order of Forfeiture 18.)

On August 28, 2007, the United States published its Notice of Forfeiture [docket entry no. 236] of Club Rolex. On October 26, 2007, Jessie Green filed his Petition to Adjudicate Validity of Third Party Interests [docket entry no. 237] pursuant to 21 U.S.C. § 853(n). On October 30, 3007, Linda Walker filed her Petition to Contest Forfeiture of Seized Property [docket entry no. 238] pursuant to the same statute.

On November 8, 2007, defendant Reginald Odom filed a Petition for Hearing to Adjudicate His Third Party Claim to Property [docket entry no. 241]. On the same date, Odom also filed a document styled Writ Request [docket entry no. 242], wherein he asks, if his Petition for Hearing is granted, to be transported from his place of incarceration to the federal courthouse and back on the same day. Odom also requests in the same filing that he be given a separate hearing from all other petitioners due to concerns for his safety.

On January 28, 2008, the United States filed its Motion to Strike Petition of Reginald Odom [docket entry no. 245], wherein it

asserts that Odom failed to properly set forth the nature and extent of his interest in Club Rolex as required by 21 U.S.C. § 853(n)(3) in his November 8, 2007 Petition.  On February 13, 2008, Odom filed a Motion to Amend his Petition [docket entry no. 249] in which he seeks leave to set forth more completely the nature and extent of his interest in Club Rolex.  The government filed a Response [docket entry no. 253] to Odom's Motion to Amend on February 22, 2008, in which it contends that Odom's Petition, as it is proposed to be amended, still fails to meet the requirements of 21 U.S.C. § 853(n)(3).

The Court finds Jessie Green's Petition to Adjudicate Validity of Third Party Interests [docket entry no. 237], Linda Walker's Petition to Contest Forfeiture of Seized Property [docket entry no. 238], and defendant Reginald Odom's Petition for Hearing to Adjudicate His Third Party Claim to Property [docket entry no. 241] and Motion to Amend Petition [docket entry no. 249] to be well-taken.  The Court is of the opinion that Odom's Writ Request [docket entry no. 242], and the United States's Motion to Strike Petition of Reginald Odom [docket entry no. 245] should be denied.

The Court has also determined that the discovery which was authorized by the Court's February 1, 2008 Order [docket entry no. 247] pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B) shall conclude on April 1, 2008.  The hearing requested by Jessie Green, Linda Walker, and defendant Reginald Odom shall take place

on April 29, 2008.

Accordingly,

**IT IS HEREBY ORDERED** that Jessie Green's Petition to Adjudicate Validity of Third Party Interests [**docket entry no. 237**], Linda Walker's Petition to Contest Forfeiture of Seized Property [**docket entry no. 238**], and defendant Reginald Odom's Petition for Hearing to Adjudicate His Third Party Claim to Property [**docket entry no. 241**] and Motion to Amend Petition [**docket entry no. 249**] are **GRANTED.**

**IT IS FURTHER ORDERED** that defendant Reginald Odom's Writ Request [**docket entry no. 242**], and the United States's Motion to Strike Petition of Reginald Odom [**docket entry no. 245**] are **DENIED.**

**IT IS FURTHER ORDERED** that discovery in this matter relating to the contested forfeiture of Club Rolex shall conclude on April 1, 2008.

**IT IS FURTHER ORDERED** that the hearing to adjudicate the interests of Jessie Green, Linda Walker, and Reginald Odom in Club Rolex shall take place on April 29, 2008.

**SO ORDERED,** this the  3rd  day of March 2008.

                                s/ David Bramlette  
                              **UNITED STATES DISTRICT JUDGE**