# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
## WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                     CRIMINAL ACTION NO. 5:03cr24(01)-DCB
                                                                5:03cr24(04)-DCB

REGINALD ODOM and                                                      DEFENDANTS
MELVIN ANDERSON

### ORDER

This matter comes before the Court on Reginald Odom's Motion for Summary Judgment [**docket entry no. 254**]. Having carefully considered the Motion in light of applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On August 22, 2007, the Court entered an Order of Forfeiture & Nunc Pro Tunc Amendments [docket entry no. 235] whereby it directed the forfeiture of certain property as to Reginald Odom and Melvin Anderson. On August 28, 2007, the United States sent notice of the forfeiture proceedings to interested parties and published notice of the forfeiture in a local newspaper. On October 26, 2007, Jessie Green filed a petition in which he asserted an interest in the three parcels of real estate known as Club Rolex which the Court had ordered forfeited. On October 30, 2007, Linda Walker filed a petition alleging that she has an interest in the Lexus automobile which the Court had ordered forfeited. On November 8, 2007, Reginald Odom filed a petition wherein he

contends that he has an interest in Club Rolex.

On February 1, 2008, the Court entered an Order [docket entry no. 247] authorizing discovery pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B) directed toward the resolution of factual issues concerning the forfeiture of Club Rolex.  On February 13, 2008, Odom filed a Motion to Amend his Petition for a Hearing [docket entry no. 249], which the Court granted by its Order [docket entry no. 262] of March 3, 2008.

On February 29, 2008, Odom filed his Motion for Summary Judgment [docket entry no. 254], wherein he argues that his rights have been violated due to the government's failure to hold the hearing on his petition within thirty (30) days of the filing of his petition.  Odom asks the Court to return Club Rolex to him and remove all of the government's liens thereon.  This Motion is now before the Court.

Pursuant to 21 U.S.C. § 853(n)(4), a "hearing on the petition [to adjudicate the validity of interests in property subject to an order of forfeiture] shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition.  The Court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant under this subsection."

The Court (not the United States), while fully cognizant of the need for the expedited resolution of the claimants' assertions

of interest in the forfeited property, has not yet found it practicable to conduct the hearing requested by Odom (as well as Green and Walker) due to the multiple claimants to the forfeited property, the need for discovery to resolve important factual issues regarding Club Rolex, and scheduling constraints. The failure of the Court to have held such a hearing up to this point in time, while perhaps an inconvenience to Odom, is not violative of any of his established rights. At the earliest practicable time following the close of discovery, the Court shall conduct the hearing which Odom and the other claimants have requested.

Odom's Motion is not well-taken due to the existence of genuine issues of material facts in this matter (including his standing to assert a claim to Club Rolex and his possession of an interest therein superior to the government's interest) and Odom's failure to otherwise show his entitlement to a judgment as a matter of law. Accordingly,

**IT IS HEREBY ORDERED** that Reginald Odom's Motion for Summary Judgment [**docket entry no. 254**] is **DENIED**.

**SO ORDERED**, this the  7th  day of May 2008.

                                           s/ David Bramlette
                                 **UNITED STATES DISTRICT JUDGE**