ownership of the forfeited property.   The question now before the

Court is which parties are entitled to ownership of the property.

Section 853(n)(6) sets forth the requirements of establishing

third party interests.

> If, after the hearing, the court determines that the
> petitioner has established by a preponderance of the
> evidence that –
>
> (A) the petitioner has a legal right, title,
> or interest in the property, and such right,
> title, or interest renders the order of
> forfeiture invalid in whole or in part because
> the right, title, or interest was vested in
> the petitioner rather than the defendant or
> was superior to any right, title, or interest
> of the defendant at the time of the commission
> of the acts which gave rise to the forfeiture
> of the property; or
>
> (B) the petitioner is a bona fide purchaser
> for value of the right, title, or interest in
> the property and was at the time of purchase
> reasonably without cause to believe that the
> property was subject to forfeiture under this
> section;
>
> the court shall amend the order of forfeiture in
> accordance with its determination.

21 U.S.C. § 853(n)(6).

In evaluating whether the intervening parties have

sufficiently established their third party interests, the Court

will consider evidence and witnesses from both the petitioner and

the United States.   21 U.S.C. § 853(n)(5).   Further, the Court

"shall consider the relevant portions of the record of the criminal

case which resulted in the order of forfeiture."   21 U.S.C. §

853(n)(5).  For clarity, the Court considers each item of forfeited